UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20478-CIV-GOODMAN

[CONSENT CASE]

SUSAN EARLY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## OMNIBUS ORDER

This Cause is before the Court on Plaintiff Susan Early's ("Early") Motion for Determination of Whether Medicare Set Aside is Required. [ECF No. 30]. Defendant Carnival Corporation ("Carnival") filed its response in opposition and Early filed her reply. [ECF Nos. 32; 33].

**I.    BACKGROUND**

Early filed this suit after she was allegedly injured in an accident while a passenger on one of Carnival's ships. [*See generally* ECF No. 1]. Shortly after filing suit, the parties consented to this Court's jurisdiction and the District Court referred this case. [ECF Nos. 14-2; 15].

On November 21, 2012, the mediator filed his report and stated that the parties had *settled* this case subject to the condition that the Court retain jurisdiction: (1) to enforce the terms of the settlement; and (2) "to determine the issue of a possible Medicare set aside if any." [ECF No. 29].

On December 11, 2012, Early filed the instant motion. [ECF No. 30]. Early first set out the terms of the parties' settlement negotiations: (1) Carnival will pay Early an undisclosed sum; (2) each party will pay its own attorney's fees and costs; (3) Early will execute a release for Carnival; (4) Carnival will be responsible for the mediator's fees; and (5) the parties *disagree* on whether a Medicare Set Aside ("MSA") is required in their settlement agreement, but *agree to* submit the issue to the Court to decide. [ECF No. 30-1, p. 2]. Sure enough, in her motion, Early submitted the issue to the Court and argued that an MSA is not legally required. [ECF No. 30, pp. 2-5].

Carnival filed its response on December 12, 2012. [ECF No. 32]. Carnival argued that an MSA **is** legally required and urged the Court to enter an order requiring an MSA in the parties' future settlement agreement. [*Id.*]. Early filed her reply on December 12, 2012, and argued that an MSA is **not** required. [ECF No. 33].

On December 17, 2012, in light of the mediator's report stating that the parties "settled," [ECF No. 34], the Court entered an Order to Show Cause because of the parties' failure to file a stipulation of dismissal as required by the Court's Scheduling Order. That same day, the parties submitted a stipulation of dismissal. [ECF No. 35].

2

## II. APPLICABLE LEGAL PRINCIPLES

### A. MSA

The Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y, provides that Medicare may obtain secondary payer status if payment has been made, or can reasonably be expected to be made, under a worker's compensation plan or law, an automobile or liability insurance policy, or no fault insurance (all of which are defined as primary plans). 42 U.S.C. § 1395y(b)(2)(A)(ii). What this practically means is that under the MSP, if Medicare makes a payment that the primary plan is responsible for, then Medicare may seek reimbursement against any entity that is required to make the payment or against anyone that has received payment from the responsible entity. *Id.*; *Sipler v. Trans Am. Trucking, Inc.*, No. 10-3550 (DRD), 2012 WL 3156807, at *2 (D.N.J. July 24, 2012).

In the settlement context, one method that has emerged to comply with the MSP is to create a set-aside arrangement where a portion of the settlement is allocated for the injured party's future medical expenses (i.e., an MSA). *See generally* David J. Berg, *Medicare Set-Asides and Personal Injury Cases – What is the Practitioner to do?*, 12 Mass. Bar. Assoc. Sec. Rev., no. 2, 2010 at 3-6; Jason S. Lazarus, *Medicare Myths: What Every Trial Lawyer Should Know About The MSP and Liability Medicare Set Asides*, Fla. Bar. J., Nov.

2010, at 46.[1] Whether the MSP applies to every tort settlement, thus likely requiring an MSA, is a question that confounds practitioners and litigants.

### B. What Constitutes a Settlement

In Florida, "[s]ettlements . . . are governed by the rules for interpretation of contracts." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). As with any contract, a settlement agreement is formed only when one party makes an offer and another party accepts it. The settlement agreement must be sufficiently specific and mutually agreeable on every essential term. *Don L. Tullis & Assoc.'s, Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). If a purported settlement agreement leaves open essential terms for future negotiation, or merely constitutes an agreement to agree, then there is no enforceable contract. *WrestleReunion, LLC v. Live Nation Television Holdings, Inc.*, No. 8:07-cv-2093-JDW-MAP, 2009 WL 2473686, at *4 (M.D. Fla. Aug. 11, 2009). "[W]hat constitutes an essential term of a contract will vary widely according to the nature and complexity of each transaction and must be evaluated on a case specific basis." *ABC Liquors, Inc. v. Centimark Corp.*, 967 So. 2d 1053, 1056 (Fla. 5th DCA 2007).

Generally, courts may not modify or rewrite settlement agreements reached by the parties. *See Wilson v. Pacific Gulf Marine, Inc.*, No. 07-60879 [ECF No. 289], slip op. at 3, (S.D. Fla. Mar. 6, 2009). This is the true even where courts are legally required, by

---

[1] *See also* Matthew L. Garretson, Jason Wolf, Sylvius H. von Saucken, and John Cattie, *Medicare Set-Aside Arrangements Under The Medicare Secondary Payer Act*, 42 The Brief, no. 10, Fall-2012.

4

statute or otherwise, to approve the settlement. *See, e.g., Holmes v. Continental Can Co.*, 706 F.2d 1144, 1160 (11th Cir.1983) (settlement in class action under 42 U.S.C. § 2000e, *et seq.* (Title VII) and 42 U.S.C. § 1981 (Civil Rights Act of 1866)).

## III. ANALYSIS

The parties agree on 4 of the 5 terms that will make up their likely settlement. [ECF No. 30-1]. The term they do not agree on is whether an MSA is legally required as part of their potential settlement. [*Id.*]. In their settlement negotiations, the parties agreed to submit, and have submitted, that issue to the Court. Stated another way, the parties cannot agree on a settlement term and are requesting the Court to fill in that term for them or offer an opinion on the MSP's legal requirements for guidance.

Some federal courts have determined whether a settlement requires an MSA, and, in some cases, even determined the set-aside amount. But, based on the Court's non-exhaustive research, these cases appear to fall into two distinct factual scenarios, neither of which is before the Court.

The first factual scenario is where the parties *have* a settlement agreement and *agree* that an MSA is required, but cannot obtain the approval of the Centers for Medicare & Medicaid Services ("CMS") for the MSA arrangement. The parties then seek court approval of the settlement, *and* the CMS is made aware of the action. *See, e.g., Cribb v. Sulzer Metco (US) Inc.*, No. 4:09-CV-141-FL, 2012 WL 4787462 (E.D.N.C. Sept. 5, 2012) (specifically D.E. Nos. 83 and 84 of the docket); *Schexnayder v. Scottsdale Ins. Co.*,

5

No. 6:09-CV-1390, 2011 WL 3273547 (W.D. La. July 29, 2011); *Bessard v. Superior Energy Serv.'s LLC*, No. 6:11-CV-0941, 2012 WL 3779162 (W.D. La. Aug. 30, 2012).[2] This case does not fall into this factual scenario because, among other things, the parties do not agree about creating an MSA nor have they submitted the issue to CMS or otherwise notified the Government.

The second factual scenario is where the parties *have* a settlement agreement but disagree as to whether the settlement agreement's terms included the creation of an MSA. In this scenario, one party brings a motion to enforce the settlement and the courts analyze whether the settlement agreement's terms included an MSA or whether the parties are legally required to create an MSA as part of the settlement. *See, e.g., Bruton v. Carnival Corp.*, No. 11-21697-CIV, 2012 WL 1627729 (S.D. Fla. May 2, 2012); *Sipler*, 2012 WL 3156807, at *1-2. In *Bruton*, the court found that: (1) the settlement agreement did not contain a provision for creating an MSA; and (2) the defendant there, Carnival, conceded that the MSP did not legally require the parties to include an MSA in that personal injury settlement. *Bruton*, 2012 WL 1627729, at *2-3. The *Sipler* court found that the parties did not include a provision for the creation of an MSA and held that the MSP did not require the parties to create an MSA. *Sipler*, 2012 WL 3156807, at

---

[2] *See also Bertrand v. Talen's Marine & Fuel LLC*, No. 6:10-CV-1257, 2012 WL 2026998 (W.D. La. June 4, 2012); *Guidry v. Chevron USA, Inc.*, No. 6:10-CV-00868, 2011 WL 6815626 (W.D. La. Dec. 28, 2011); *Smith v. Marine Terminals of Ark.*, No. 3:09-CV-00027-JLH, 2011 WL 3489806 (E.D. Ark. Aug. 9, 2011); *Frank v. Gateway Ins. Co.*, No. CIV. 6:11-0121, 2012 WL 868872 (W.D. La. Mar. 13, 2012) (specifically D.E. No. 33 of the docket).

*1-4.[3] Like the first scenario, this second scenario is also not before the Court because the parties are not seeking to enforce the terms of a settlement agreement. Rather, they are seeking assistance from the Court about what term to include in their *potential* settlement agreement.

Not falling squarely into either scenario above, the parties' request here is essentially for the Court to offer an advisory opinion on the legal requirements of the MSP or to draft a term into the parties' potential settlement agreement. The parties' request fails because the Court may not write-in the terms of parties' private settlement agreements or render advisory opinions. *See Holmes*, 706 F.2d at 1160; *R.T. Vanderbilt Co. v. Occupational Safety & Health Review Com'n*, 708 F.2d 570, 574 (11th Cir. 1983). Therefore, as District Judge Cecilia Altonaga persuasively noted in *Wilson*, in a strikingly similar situation, "[t]he Court declines the parties' invitations" to offer an advisory opinion on the legal requirements of the MSP, "or to rewrite the settlement agreement." *Wilson*, No. 07-60879, slip op. at 3.

In addition, as the *Wilson* court found, the parties' very submission of this critical term of their purported settlement to the Court for its decision indicates that the parties do **not** in fact have a settlement. *Id.* at 4. Indeed, the situation here goes even farther than that in *Wilson.* Carnival and Early admit that they have agreed on only 4 of the 5 terms that are supposed to constitute the terms of a future settlement agreement. Thus,

---

[3]   However, the *Sipler* court noted that it might be prudent to include an MSA in a settlement. *Id.* at *3.

like in *Wilson,* this Court also finds that the parties do not in fact have a settlement agreement and this case will remain on the Court's trial docket.

## IV. CONCLUSION

The Court appreciates that counsel are conscientious and diligent enough to uncover this issue for their clients. The Court also understands counsel's desire to obtain judicial approval of their clients' proposed settlement. Unfortunately, this Court cannot draft the terms of any proposed settlement agreement or provide counsel with an advisory opinion on how to best analyze the potential pitfalls of including, or not including, an MSA in any settlement they reach. However, this Court is confident that counsel will carefully and diligently research this issue and weigh the financial and legal considerations in advising their clients of the best course of action to take.

Accordingly, for the reasons set forth above, the Court **ORDERS** as follows:

1. The mediator's report [ECF No. 29] is **stricken**.

2. Early's motion [ECF No. 30] is **denied**.

3. The parties' joint stipulation for final order of dismissal without prejudice [ECF No. 35] is **stricken**. If the parties do reach a full and final settlement within **10 days** of the date of this Order, then they may file an amended joint stipulation for dismissal within that time.

4.      This case remains on the Court's trial docket and is set for trial on March 25, 2013.

**DONE AND ORDERED** in Chambers, at Miami, Florida, February 7, 2013.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record